# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN T. MARVIK, <br><br> Plaintiff, <br><br> v. <br><br> GEICO INSURANCE COMPANY, *et al.*, <br><br> Defendants. | Case No. 17-cv-01567-BAS-BGS <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND** <br><br> **(2) DISMISSING ACTION AS FRIVOLOUS UNDER 28 U.S.C. § 1915(e)(2)** |

Plaintiff Steven T. Marvik is proceeding *pro se*—without an attorney. He filed a complaint on August 4, 2017, against Defendants Geico Insurance Company, Geico's managers, Geico's employees, and an entity that the Court assumes is intended to be Geico's parent company—Berkshire Hathaway, Inc. Plaintiff seeks $150 billion in damages for Geico and others allegedly, among other things, damaging his car, impersonating him, conspiring against him, and making terrorist threats. He has also filed a motion seeking leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs.

For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES WITH PREJUDICE** his Complaint as frivolous.

I.  **MOTION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL

311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and receives $934.00 per month in disability. (IFP Mot. ¶¶ 1–2, ECF No. 2.) He states the Screen Actors Guild and Hollywood owe him $240 billion, but the Court will disregard that amount as not reasonably collectible. (*Id.* ¶ 6.) Further, Plaintiff does not have any assets aside from two 20-year-old cars. (*Id.* ¶ 5.) His expenses approximate or exceed his minimal income. (*Id.* ¶ 8.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 2).

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a

determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

Here, Plaintiff seeks $150 billion in damages for Geico and others allegedly, among other things, damaging his car, making terrorist threats, and conspiring against him. Specifically, Plaintiff alleges he "has been illegally forced to sleep in his vehicle and has had his legal monies illegally seized by and from Wells Fargo Bank, [the Screen Actors Guild], criminal blacks/so-called African Americans, cops, and females et. al." (ECF No. 1 at 6:4–7.) These persons have allegedly impersonated Plaintiff, stalked him, and sabotaged his 1997 silver Mercedes, but there has been "no legal resolution or legal arrests of these heinous criminals." (*Id.* at 6:7–13.) Plaintiff also alleges his Complaint has been "illegally altered" or "tampered" with by criminals electronically. (*Id.* at 6:21–33.) In addition, Plaintiff appends various letters to his Complaint, including one to then-President Barack Obama about

"terrorists operating Star Wars technology (invisible/cloaking device)" in various locations throughout California and Nevada. (ECF No. 1-1.)

Having reviewed the allegations in Plaintiff's Complaint and its attached exhibits, the Court concludes they are fantastical and clearly baseless. *See Neitzke*, 490 U.S. at 325; *see also* 28 U.S.C. § 1915(e)(2)(B)(i); *DeRock v. Sprint-Nextel*, 603 F. App'x 556, 558 (9th Cir. 2015) (affirming dismissal of nine actions as either frivolous or failing to state a claim because the plaintiff alleged "unsupported legal conclusions and fanciful factual allegations"). In addition, because the Complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2). Further, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**

DATED: August 21, 2017

Hon. Cynthia Bashant
United States District Judge